UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN KEITH RICHARDSON,<br><br>Petitioner,<br><br>v.<br><br>FELIPE MARTINEZ, Warden,<br><br>Respondent. | NO. CV 18-7242-SVW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation ("Report") to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner objects to the Report's conclusion that Petitioner failed to demonstrate that the Federal Bureau of Prison ("BOP") violated Petitioner's constitutional rights by not consulting the referring institution prior to reducing Petitioner's length of stay in the Residential Reentry Center ("RRC"). Petitioner specifically contends that the Residential Reentry Manager ("RRM") failed to provide notice and did not engage in a three-step collaborative procedure with RRC staff before reducing his length of placement in the RRC. (Dkt. No. 12 at 1-3.) Petitioner's objection is without merit. The BOP exercised its discretion to reduce Petitioner's stay in the RRC and "there are no due process protections required with regard to discretionary transfers of prisoners." *Rohrs v. Dobbs*, No. 18-61304-CIV-COOKE, 2018 U.S. Dist. LEXIS 206209, *30 (S.D. Fla. Dec. 4, 2018) (BOP's failure to provide notice or opportunity for comment before reducing length of placement in RRC did not amount to a due process violation).

Petitioner contends that the record does not contain any rationale from the Residential Reentry Prison Staff in the Sacramento Field Office as to why they reduced his stay in the RRC. (Dkt. No. 12 at 4.) On February 25, 2019, the Court issued an order requiring Respondent to lodge the decision from the RRM in the Sacramento Office. (Dkt. No. 13.) On March 8, 2019, Respondent lodged a declaration from Jon Gustin ("Gustin"), the Administrator of BOP's Residential Reentry Management Branch, and a copy of Petitioner's RRC Referral Report. (Dkt. No. 14.) The RRC Referral Report shows that Petitioner's recommended time in the RRC was reduced due to "lack of bed space/budget." (Dkt. No. 14-2, Ex. B at 9.) "That the other factors were not memorialized in writing does not mean that they were not considered." *Gonzales v. Lake*, No. 1:18-cv-00499-DAD-SKO (HC), 2018 U.S. Dist. LEXIS 200735, *13 (E.D. Cal. Nov. 27, 2018) (rejecting categorical challenge to RRC placement determinations when warden cited "the resources of the facility contemplated" as grounds for denying

petitioner's individual appeal). Because Petitioner received an individualized decision about the length of his placement in the RRC based on the factors outlined in § 3621(b), Petitioner's objection about the adequacy of the RRM's decision is without merit. *See Rohrs*, 2018 U.S. Dist. LEXIS 206209, *27 ("So long as the BOP considers the § 3621(b) factors in making RRC decisions, the decision as to how long a particular inmate will be placed in an RRC or where he will be placed will be left to the BOP's discretion and that decision is not to be disturbed by the federal courts.")

Petitioner's remaining objections are without merit.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: July 10, 2019

STEPHEN V. WILSON
United States District Judge